IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THERMOS L.L.C.** <br><br> Plaintiff, <br><br> v. <br><br> **ROBERT GORDON INDUSTRIES, LTD.** <br><br> Defendant. | Case No. 15-cv-10426 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Thermos L.L.C. ("Thermos") for its Complaint for Patent Infringement against Defendant Robert Gordon Industries, Ltd. ("Gordon") alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for infringement based upon the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

### PARTIES

2. Thermos is a Delaware limited liability company.

3. Upon information and belief, Gordon is a New York corporation with a principal place of business at 1500 Plaza Avenue, New Hyde Park, New York 11040.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Gordon because Gordon has conducted and is conducting business in this judicial district, both generally and with respect to the allegations in this Complaint, and Gordon has committed one or more acts of infringement in this

District. For example, on information and belief, Gordon maintains a highly interactive commercial website through which infringing products have been offered for sale and sold in Illinois. Gordon's website at www.gordonsinclair.com uses interactive graphics, including a digital catalogue, maintains customer account information, accepts credit cards for payment, tracks orders, and confirms users' purchasing and delivery information. On information and belief, Gordon has also attended tradeshows in this District.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b)–(c) and 1400(b) because Gordon has regularly conducted business in this District and has committed acts, and continues to commit acts, of patent infringement in this District by making, using, importing, selling, or offering to sell tumblers that infringe Thermos's patent.

**BACKGROUND**

7. On August 31, 2010, the United State Design Patent No. D622,547 ("the '547 patent"), entitled "Tumbler," was duly and legally issued. A true and correct copy of the '547 patent is attached to this Complaint as Exhibit A.

8. Thermos owns all rights, title, and interest in and to the '547 patent and has the right to sue and recover for past, present, and future infringement.

9. The '547 patent claims the ornamental design for a tumbler.

10. Upon information and belief, Gordon has manufactured, imported, sold and/or offered for sale tumblers ("the Accused Products") in the United States that infringe the '547 patent including in this District. An example of the Accused Products, identified on Gordon's website as having SKU # VM-57 Silver, is attached hereto as Exhibit B.

11. The Accused Products are the same or substantially the same as the design of the '547 patent. The designs are so similar as to be nearly identical such that an ordinary observer,

giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to believe the Accused Products are substantially the same as the design protected by the '547 patent.

## COUNT I

12. Thermos incorporates by reference, as if fully set forth herein, each of the allegations set forth in paragraphs 1 through 11.

13. Gordon has manufactured, used, imported, offered for sale, or sold the Accused Products that infringe the claim of the '547 patent in violation of 35 U.S.C. § 271.

14. Gordon's infringement has damaged and continues to damage and injure Thermos. The injury to Thermos is irreparable and will continue unless and until Gordon is enjoined from further infringement.

15. Gordon has engaged and is engaging in willful and deliberate infringement of the '547 patent. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 285 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## RELIEF REQUESTED

WHEREFORE, Thermos prays for entry of judgment against Gordon as follows:

A. finding that Gordon has infringed the '547 patent;

B. enjoining Gordon, its officers, subsidiaries, agents, servants, employees, attorneys, and all persons in active concert with Gordon from any further infringement of the '547 patent;

C. ordering that Gordon deliver to Thermos for destruction all the Accused Products used in the infringement of the '547 patent;

D. awarding damages adequate to compensate Thermos for the patent infringement that has occurred pursuant to 35 U.S.C. § 284, which shall be trebled as a result of Gordon's willful patent infringement, or an award of Gordon's profits from its infringement pursuant to 35 U.S.C. § 289, whichever is greater, together with prejudgment interest and costs;

E. ordering an accounting of profits;

F. declaring this case exceptional and awarding Thermos its reasonable costs and attorneys' fees pursuant to 35 U.S.C. § 285; and

G. awarding Thermos such other and further relief as the Court deems just and proper.

## JURY DEMAND

Thermos requests a jury trial on all issues properly triable to a jury.

Dated: November 18, 2015

Respectfully submitted,

/s/Adam S. Weiss
Adam S. Weiss (IL 6256842)
Gary E. Hood (IL 6281580)
Mark T. Deming (IL 6299631)
POLSINELLI PC
161 North Clark Street, Suite 4200
Chicago, Illinois 60601
T: (312) 819-1900
F: (312) 819-1910
*aweiss@polsinelli.com*
*ghood@polsinelli.com*
*mdeming@polsinelli.com*

Attorneys for Plaintiff Thermos L.L.C.